# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2259

_____

Michael Chijioke Osuji,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Petitioner,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Petition for Review of
　　　v.　　　　　　　　　　　　　　　*　an Order of the Board
　　　　　　　　　　　　　　　　　　　*　of Immigration Appeals.
Eric H. Holder, Jr., Attorney General　*
of the United States,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　*
　　　　　　　Respondent.　　　　　　　*

_____

Submitted: June 15, 2011
Filed: October 5, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

Michael Chijoke Osuji, a citizen of Nigeria, entered the United States in August 2004, stayed past the period authorized by his non-immigrant visa, and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), claiming past persecution and a well-founded fear of future persecution on account of his Christian religion. After a hearing, the Immigration Judge ("IJ") denied relief. The Board of Immigration Appeals ("BIA") affirmed in a separate opinion. Osuji petitions for judicial review of the BIA's final order of removal, arguing that he is eligible for asylum. We review the administrative record under the substantial evidence standard and affirm "unless the evidence was so compelling that no

reasonable factfinder could fail to find the requisite fear of persecution." Ladyha v. Holder, 588 F.3d 574, 577 (8th Cir. 2009) (quotation omitted). We deny the petition for review.

Roughly an equal percentage of Muslims and Christians live in Nigeria, Muslims predominately in the North and Christians predominately in the South. While Nigeria's Constitution provides for freedom of religion, the administrative record includes articles reporting that hostility between Christians and Muslims "remains acute in certain areas" and detailing outbreaks of religious violence in northern Nigeria. At the time in question, Osuji's father worked for the Nigerian government. The family lived and attended a Christian church in the Territory encompassing Abuja, where both Muslims and Christians reside in large numbers. Osuji, then a teenager, attended Christ the King College, a large Catholic school.

Osuji, the only witness at the asylum hearing, testified that in 2000 he accompanied a Christian youth group on a trip to another school. Persons Osuji believed to be Muslim gang members stopped the group's bus, ordered the group to exit, and told them to stop preaching or "something bad [was] going to happen." Osuji reported the incident to his principal, who promised to call the police if it recurred. About two months later, on a visit to an orphanage, the youth group's bus encountered a rally and roadblocks. Muslim gang members stopped the bus (and other vehicles), ordered the group to exit, told them to stop preaching, whipped them with sticks, and told them to run away. Osuji sustained a cut on his knee. The bus driver returned the children to school. Osuji reported the incident to the police, who promised to investigate. When Osuji later inquired, the predominantly Muslim police said they were still investigating. Osuji also testified to harassment by Muslim members of his local soccer team.

Concerned about persistent religious harassment of his family, Osuji's father obtained a transfer to the Nigerian Embassy in Belgium, where the family relocated.

-2-

Osuji came to the United States in 2004 and sought but was denied a student visa. His Christian parents returned to Nigeria in 2006 and have lived in Abuja without incident. Osuji's asylum application was untimely, but the BIA denied relief on the merits, so the timeliness issue is not before us.

In denying relief, the IJ concluded that Osuji was credible, but that the school bus and soccer team incidents did not rise to the level of past persecution because he did not suffer physical harm and failed to show that the government condoned or could not control the alleged Muslim persecutors. The BIA upheld the IJ's determination that Osuji "failed to meet his burden of establishing past persecution or a well-founded fear of persecution on account of one of the statutorily protected grounds." The BIA concluded that Osuji's "fear of Muslim gangs in general, did not rise to the level of past persecution, and that he failed to establish a nexus between his current fear of persecution by Muslims and an enumerated ground." The BIA noted that Osuji's parents continue to live in Nigeria unharmed.

Osuji argues that the BIA erred in finding that he did not establish past persecution and a well-founded fear of future persecution. We disagree. Persecution is a rigorous standard. "Absent physical harm, subjecting members of an unpopular faith to hostility, harassment, discrimination, and even economic deprivation is not persecution unless those persons are prevented from practicing their religion or deprived of their freedom." Woldmichael v. Ashcroft, 448 F.3d 1000, 1003 (8th Cir. 2006); accord Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (harassment and unfulfilled threats of injury are not persecution). Here, Osuji suffered harassment but little if any physical harm from the Muslim gangs and his soccer teammates, and his family continued to practice their Christian religion.

Moreover, unidentified persons not connected with the government committed the persecution alleged by Osuji. An asylum petitioner must establish that assaults committed by private persons "were either condoned by the government or were

committed by private actors that the government was unwilling or unable to control." Beck v. Mukasey, 527 F.3d 737, 740 (8th Cir. 2008). Osuji presented no evidence that the Nigerian government condoned the religious harassment. The Department of State country report on Nigeria in the administrative record suggests that, while ethnic and religious violence is all too common, the government does not condone it. Nor was the harassment of Osuji severe or pervasive enough to establish that the government was unable or unwilling to control it.

Having failed to prove past persecution, Osuji also failed to show a "pattern or practice" of religious persecution in Nigeria that would establish that he has a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2)(iii). To constitute a pattern or practice, the persecution "must be systemic, pervasive, or organized." Woldmichael, 448 F.3d at 1004. The BIA correctly noted that Osuji's claim is "diminished" by the fact that his parents continue to live, work, and practice their religion in Abuja unharmed. See Ladyha, 588 F.3d at 579.

We have carefully reviewed the administrative record and conclude that substantial evidence supports the BIA's determination that Osuji is ineligible for asylum or other relief because he failed to demonstrate past persecution or a well-founded fear of future persecution. Accordingly, we deny the petition for review.

_____